IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

**Steve Siebold,**

*Plaintiff,*

vs.

**Embassy Books,**

*Defendant.*

Civil Action No.

# COMPLAINT

This is an action for copyright infringement and misrepresentation in a DMCA counter-notice in violation of 17 U.S.C. § 101 *et seq*.

1) This court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. § 1338(a).

2) This Court has personal jurisdiction over the Defendant because Defendant consented to the jurisdiction of any court in which Amazon.com may be found. On information and belief, Amazon.com transacts business within Georgia, and/or has committed a tortious injury within Georgia caused by an act or omission outside the state and regularly does or solicits business, or engages in other persistent courses of conduct, or derives substantial revenue from goods use or consumed in Georgia. Alternatively, this Court has personal jurisdiction over the Defendant pursuant to Federal Rule of Civil Procedure 4(k)(2) where any given Defendant is not subject to the jurisdiction of any state's court of general jurisdiction and

exercising jurisdiction over the Defendant is consistent with the United States Constitution and its laws.

3) Venue is appropriate in this judicial district pursuant to 28 U.S.C. 1391 because a substantial part of the property that is the subject of the action is situated in this district, and/or because the Defendant is subject to personal jurisdiction in this district, and/or because Defendants do not reside in the United States, and therefore may be sued in any judicial district.

## THE PARTIES

4) Plaintiff Steve Siebold is a resident of the State of Georgia with an address of 3316 Indian Hawthorne Ridge, Gainesville, GA 30504.

5) On information and belief, Defendant is a company in India with a principal place of business at Shop No. 23/180, Anand Nagar, Nehru Road, Santacruz East, Mumbai – 400 055, India.

6) On information and belief, Defendant publishes, reproduces, and distributes books and e-books through its website at https://www.embassybooks.in ("Website") and through Amazon.com.

7) On information and belied, Defendant sells and/or offers for sale its books to the United States, including in this judicial district, through its website and through Amazon.com.

## FACTS COMMON TO ALL COUNTS

8) Plaintiff is the author of a book titled *177 Mental Toughness Secrets of the World Class: The Thought Processes, Habits and Philosophies of the Great Ones* (the "Book").

9) The Book is an original work of authorship and Plaintiff is the sole and exclusive owner of all right, title and interest in and to the copyright to the Book.

10) Plaintiff first published the Book in 2004. Plaintiff published second and third editions of the Book in 2010.

11) Plaintiff registered the copyright to the Book with the U.S. Copyright Office in 2004, receiving Registration Number TXu001181965.

12) On information and belief, Defendant has published, offered for sale, and distributed copies of the Book in English through its Website and on Amazon.com.

13) On information and belief, Defendant has sold and distributed copies of the Book to customers throughout the world, including in this judicial district.

14) On information and belief, Defendant offers to sell its books worldwide, including in this judicial district.

15) Plaintiff ordered a copy of Defendant's English version of the Book through Amazon.com, which Defendant shipped to Plaintiff at Plaintiff's address in this judicial district.

16) Plaintiff has never authorized Defendant to publish, sell, or distribute the Book.

17) Plaintiff has never authorized Defendant to publish, sell, or distribute the Book outside of India.

18) Plaintiff has never authorized Defendant to publish, sell, or distribute English versions of the Book outside of India.

19) On information and belief, Defendant translated the Book into Hindi, thereby creating a derivative work of the Book ("Hindi Book").

20) On information and belief, Defendant has published, offered for sale, and distributed copies of the Hindi Book through its Website and on Amazon.com.

21) On information and belief, Defendant created an electronic version of the Book for use on Kindle e-readers ("Kindle Book").

22) On information and belief, Defendant has published, offered for sale, and distributed copies of the Kindle Book through Amazon.com.

23) On information and belief, Plaintiff has never authorized Defendant to publish, sell, or distribute the Hindi Book.

24) On information and belief, Plaintiff has never authorized Defendant to publish, sell, or distribute the Hindi Book outside of India.

25) On information and belief, Plaintiff has never authorized Defendant to publish, sell, or distribute the Kindle Book.

26) On information and belief, Plaintiff has never authorized Defendant to publish, sell, or distribute the Kindle Book outside of India.

27) Plaintiff submitted a DMCA Notification of Infringement to Amazon.com regarding Defendant's offering for sale and selling the Book and Kindle Book on Amazon.com.

28) In response to Plaintiff's DMCA Notification of Infringement, Amazon.com removed and/or disabled access to Defendant's Book and Kindle Book from their platform.

29) On June 26, Amazon.com informed Plaintiff that Defendant had submitted a DMCA counter-notice.

30) Amazon.com informed Plaintiff that Plaintiff would have to file a lawsuit within ten (10) business days in order to keep the Defendant's copy of the Book from becoming accessible again on Amazon.com.

31) The DMCA counter-notice purported to provide the mailing address and telephone number for Defendant.

32) On information and belief, the mailing address and telephone number in the DMCA counter-notice are not correct.

33) In the DMCA counter-notice, Defendant stated under penalty of perjury that "the material identified in the Notice of Infringement was removed or disabled

as a result of mistake or misidentification of the material to be removed or disabled."

34) On information and belief, Defendant was aware that it had no right to reproduce, publish, or distribute copies of the Book, the Hindi Book, or the Amazon Book when it submitted the DMCA counter-notice.

35) On information and belief, Defendant was aware that it had no right to reproduce, publish, or distribute copies of the Book, the Hindi Book, or the Amazon Book to customers outside of India when it submitted the DMCA counter-notice.

36) On July 2, 2024, counsel for Plaintiff emailed Defendant and requested the factual basis for the DMCA counter-notice, including any facts that would support the contention that Plaintiff had authorized Defendant to publish and distribute copies of the Book and to create derivative works of the Book.

37) As of the filing of this Complaint, Defendant has not responded to the July 2 letter.

38) On information and belief, Defendant committed the acts of infringement alleged herein willfully and in knowing disregard of Plaintiff's rights.

## COUNT I – COPYRIGHT INFRINGEMENT

39) Defendant has infringed Plaintiff's copyright to the Book by reproducing and distributing unauthorized copies of the Book, the Hindi Book, and the Kindle

Book to customers in the United States and elsewhere in violation of 17 U.S.C. § 106.

40) Defendant has infringed Plaintiff's copyright to the Book by creating unauthorized derivative works of the Book, namely the Kindle Book and Hindi Book, in violation of 17 U.S.C. § 106.

41) Plaintiff is likely to suffer irreparable harm if Defendant is not immediately and permanently enjoined from reproducing or distributing Plaintiff's Book, the Hindi Book, and the Amazon Book in the United States pursuant to 17 U.S.C. § 502.

42) As a result of Defendant's acts of infringement as alleged herein, Plaintiff is entitled to recover from Defendant any damages it has sustained and will sustain, and any profits obtained by Defendant as a result of or attributable to the infringement, in an amount to be proven at trial.

43) Alternatively, Plaintiff may elect prior to trial to recover statutory damages of not less than $750 and not more than $150,000 pursuant to 17 U.S.C. § 504.

44) Plaintiff is entitled to recover its full costs, including its reasonable attorney's fees, pursuant to 17 U.S.C. § 505.

## COUNT II – DMCA MISREPRESENTATION

45) Plaintiff re-alleges paragraphs 1 through 3938) as if fully set forth herein.

46) On information and belief, in the June 26 DMCA counter-notice to Amazon.com, Defendant knowingly materially misrepresented that the Book was removed or disabled by mistake or misidentification. On information and belief, Defendant knew that it was not authorized to sell and distribute copies of the Book, including the Hindi Book and Kindle Book, outside of India at the time Defendant submitted the DMCA counter-notice, a knowing misrepresentation in violation of 17 U.C.C. § 512.

47) On information and belief, in the June 26 DMCA counter-notice to Amazon.com, Defendant knowingly materially provided incorrect contact information, including an incorrect address and telephone number, a knowing misrepresentation in violation of 17 U.C.C. § 512.

## REQUEST FOR RELIEF

PLAINTIFF requests that the Court:

1) Immediately and permanently enjoin Defendant from any further infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502;

2) Award Plaintiff its actual damages and Defendant's profits attributable to the infringement pursuant to 17 U.S.C. § 504;

3) Alternatively, and at Plaintiff's election at any time before entry of final judgment, award Plaintiff statutory damages of up to $150,000 pursuant to 17 U.S.C. § 504;

4) Award Plaintiff's its full costs, including its reasonable attorney's fees, pursuant to 17 U.S.C. § 505;

5) Award Plaintiff its damages, including costs and attorney's fees, resulting from Defendant's misrepresentations in its DMCA counter-notice pursuant to 17 U.S.C. § 512(f)(2).

Mark L. Seigel
Mark L. Seigel
Georgia Bar No. 634,6167
The Seigel Law Firm LLC
1397 Carroll Dr NW
Atlanta, GA 30318
770-395-5920
seigel@addipvalue.com
